MARSHALL, Ch. J.,
 

 delivered the opinion of the court, and after stating the case, proceeded as follows : — By the act constituting the judicial system of the United States, the district courts are courts both of common-law and admiralty jurisdiction. In the trial of all cases of seizure, on land, the court sits as a court of common law. In cases of seizure made on waters navigable by vessels of ten tons burden and upwards, the court sits as a court of admiralty. In all cases at common law, the trial must be by jury. In cases of admiralty and maritime jurisdiction, it has been settled, in the cases of
 
 The Vengeance
 
 (reported in 3 Dallas 297 ;
 
 The Sally
 
 (in 2 Cranch 406) ; and
 
 The Betsy and Charlotte
 
 (in 4 Cranch 443) ; that the trial is to be by the court. Although the two jurisdictions are vested in the same tribunal, they are as distinct from each other
 
 *174
 
 as if they were vested, in different tribunals, and can no more be blended, than a court of chancery with a court of common law.
 

 The court for the Louisiana district, was sitting as a court of admiralty ; and when it was shown, that the seizure was made on land, its jurisdiction ceased. The libel ought to have been dismissed, or amended, by charging that the seizure was made on land. The direction of a jury, in a case where the libel charged a seizure on water, was irregular; and any proceeding of the court, as a court of admiralty, after the fact that the seizure was made on land *appeared, would have been a proceeding without jurisdiction. The court felt some disposition to consider this impannelling of a jury, at the instance of the claimants, as amounting to a consent that the libel should stand amended ; but, on reflection, that idea was rejected.
 

 If this is considered as a case at common law, it would be necessary to dismiss this appeal, because the judgment could not be brought before this court but by writ of error. If it be considered as a case of admiralty jurisdiction, the sentence ought to be reversed, because it could not be pronounced by a court of admiralty, on a seizure made on land. As the libel charges a seizure on water, it is thought most advisable to reverse all the proceedings to the libel, and to remand the cause to the district court for further proceedings, with directions to permit the libel to be amended.
 

 Decree. — This cause came on to be heard, on the transcript of the record of the district court of Louisiana, and was argued by counsel: on consideration whereof, it is decreed and ordered, that the sentence of the district court for the district of Louisiana, condemning the said 422 casks of wine, as forfeited to the United States, be and the same hereby is reversed and annulled : and it is further decreed and ordered, that the cause be remanded to the said district court of Louisiana, with directions to allow the libel in this case to be amended, and to take such further proceedings *in the said cause as law and justice may require,
 
 (a)
 

 (a)
 

 It isstated in the Life of Sir Leoline Jenkins, vol. 1, p. lxxxvii., that the admiralty, in England, had an original inherent jurisdiction of seizures for a breach of the navigation laws. See also his charge at the admiralty sessions for the cinque ports. (Id. p. xcv.
 
 et seq.)
 
 Charge at the Old Bailey sessions. Again, Sir L. Jenkins says, “Nor is there anything granted to the Lord Admiral in his commission, but what he was possessed of, long before those commissions grounded upon the statute of piracy were known; for, by the inquisition taken at Queenborough, 49 Edw. III., and by the statutes of the Black Book in the Admiralty, much ancienter than that inquisition, the transporting of prohibited goods particularly, and so of other offences, was to be inquired of, and tried before the Lord Admiral; and in the articles usually given in charge at the admiralty sessions of England, to this day, the inquiry after transporters of prohibited goods is given in charge to the jury,” &c. (Id. vol. 2, p. 746.) So also, he says, in a letter to Sir Thomas Exton, July 2, 1675, “ the course would be the same in every other case; for instance, in carrying prohibited goods, such as would confiscate the ship, where the judgment ” (jurisdiction) “ remains in the admiralty, as some you know do this day, though such judgments, in many cases, have been of late transferred to other courts by act of Parliament.” (Id. vol. 2, p. 708.) But Sir James Marriot says, in the case of The Columbia, in 1782, that “the court of admiralty derives no jurisdiction in cases of revenue (appropriated by the common law to the court of exchequer), from the patent of its judge, or the ancient jurisdiction of the crown in the person of its Lord High Admiral. The first statute which places
 
 *175
 
 judgment of revenue in tlie plantations with the courts of admiralty, is the 12 Car. II.” (2 Bro. Civ. & A dm. Law 492, note 3.) But in Great Britain, all appeals from the colonial vice-admiralty courts in those causes, are to the high court of admiralty, and not to the privy council, which is the appellate tribunal in other plantation causes. This point was determined in 1754, in the case of The Yrow Dorothea, before the high court of delegates, which was an appeal from the vice-admiralty judge of South Carolina, to *the high court of admiralty, and thence to the Delegates. The appellate jurisdiction was contested, upon the ground, that prosecutions for the breach of the navigation, and other revenue laws, were not, in their nature, causes civil and maritime, and under the ordinary jurisdiction of the court of admiralty, but that it was a jurisdiction specially given to the vice-admiralty courts by stat. 7 & 8 Wm. III.. c. 22, § 6, which did not take any notice of the appellate jurisdiction of the high court of admiralty in such cases. The objection, however, was overruled by the delegates, and the determination has since received the unanimous concurrence of all the common-law judges, on a reference to them from the privy council. (2 Rob. 246.) Whether this jurisdiction of the colonial courts of vice-admiralty over seizures for a breach of the revenue laws was a part of the original admiralty jurisdiction, inherent in those courts, or was derived from the statutes of Charles II. and William III., it is certain, that it was uniformly exercised by those courts in this country, before the •evolution; and such seizures upon water were very early determined by this court to be “ cases of admiralty and maritime jurisdiction,” within the meaning of those terms as used in the constitution. But revenue seizures, made on land, have been uniformly left to their natural
 
 forum,
 
 and to their appropriate proceeding, which is an exchequer information
 
 in rem.
 
 These informations are not to be confounded with criminal infor-mations at common law, or with an information of debt, which is the king’s action ot debt. They are civil proceedings
 
 in
 
 rem, and may be amended in the district court where they are commenced, or in the circuit court, upon appeal. (Anon., 1 Gallis. 22.) But if merits appear in this court, and an amendment is wanted to make the allegations correspond to the proof, the amendment will not be made by this court, but the cause will be remanded, with directions to permit an amendment, and for further proceedings. (The Edward, 1 Wheat. 261-4; The Caroline, 7 Cranch 496, 500; The Anne, Id. 570.)