Reynolds v. Steamboat Favorite.

---

*JAMES S. REYNOLDS vs. STEAMBOAT FAVORITE.

Action of plaintiff against defendant under *Chap.* 76 *of the Comp. Stat.;* *Held*—that the remedy given by this chapter is a "common law remedy," and is therefore saved to suitors by the judiciary act of the United States, passed in 1789. That the District Courts of this State have jurisdiction in this class of cases.

The complaint alleges in substance that the defendant is a steamboat, and used and employed by the masters, owners, &c., thereof, in carrying and transporting passengers and freight for hire as a regular business and public employment on the Mississippi River from St. Paul, Minnesota, to La Crosse, Wisconsin, &c., and has been so used and employed for more than three years last past, and is now lying at the port of St. Paul in said county, &c.; that one David R. Reynolds on the 23d day of October, 1862, entered into a contract in writing with said defendant, in and by which the defendant agreed to transport a quantity of wheat and sacks for said Reynolds, from said St. Paul, and to deliver the same to the agent of said Reynolds at La Crosse, Wisconsin, without delay, (the unavoidable dangers of navigation and fire only excepted,) to be by such agent forwarded to Milwaukee, at and for a specified price agreed to be paid therefor; that on said 23d day

---

*This cause was heard and submitted before Mr. Justice Berry took his seat on the Bench.

of October, 1862, the said defendant received and took the wheat to be transported and delivered as in said contract specified; that the defendant has failed to perform said contract, and that owing to the negligence, unskillfulness and remissness of the master and officers and others having said defendant in charge, the wheat and sacks were wholly lost and were sunk and destroyed in the waters of the said river, at or near Lake Pepin in this State, and that such loss was not occasioned by fire or by the unavoidable dangers of navigation of the said river, but solely by the negligence and omissions of the master and officers of the defendant; that after the cause of action accrued, the same was duly assigned and transferred to plaintiff.   The complaint contains an allegation of the amount of damages sustained, and demands judgment, &c. A demurrer to the complaint was interposed, specifying the following grounds, viz:

"*First,* That this Court has no jurisdiction in the premises for that—1st, the case stated by said complaint is one wholly of maritime jurisdiction, and the cognizance thereof as against said defendant belongs exclusively to the proper Court of the United States, to-wit: in this State to the District Court of the United States for the District of Minnesota in the first instance; and 2d, that this action is not authorized by any statute or law of this State; and 3d, that by the constitution of this State this Court has original jurisdiction in civil cases only in law and equity, and that this is not such a case.

"*Second,* That the plaintiff has no legal capacity to maintain this action, for that it is stated by said complaint that he is the assignee of the cause of action therein set forth.

"*Third,* That it appears by said complaint that the said plaintiff is not the proper party plaintiff, for that it is therein stated that the cause of action therein set forth was assigned to said plaintiff by one D. R. Reynolds after the same had accrued.

"*Fourth,* That the said complaint does not state facts sufficient to constitute a cause of action."

The demurrer was overruled by the Court below, and the defendant appeals to this Court.

LORENZO ALLIS, for Appellant.

I.—This Court has no jurisdiction in the premises.

1. The case stated by plaintiff being wholly of admiralty and maritime jurisdiction, the cognizance thereof as against the defendant belongs exclusively to the Courts of the United States, to-wit: within the State of Minnesota to the District Court of the United States for said District. *Constitution of U. S., Art. 3, Sec. 2 ; Judiciary Act of 1789, Sec. 9 ; Ashbrook et al. vs. Steamer Golden Gate, Newberry's Admiralty Rep., Vol. 1, page 296, and authorities there cited.*

2. This action is not authorized by *Chap. 76, Comp. Stat.,* which is confined to vessels "used in navigating the waters of this State," whereas in the case at bar the vessel was used in navigation between this and other States, and the contract sued upon was for carriage between a port in this State and a port in another State.

3. Under the constitution of this State the District Courts have original jurisdiction in all civil cases, both in law and equity. *Art. 6, Sec. 5 of Constitution of Minnesota.* But they have no admiralty jurisdiction.

The distinction between remedies at law and in equity and those in admiralty, are well defined and understood. *Ashbrook et al. vs. Steamer Golden Gate, above cited.*

II.—The cause of action set up in this case is not assignable.

1. Liens given to secure debts are personal privileges, and are not assignable.

2. The action authorized by *Chap. 76. Comp. Stat.,* cannot be assigned.

GEORGE L. OTIS for Respondent.

I.—Our statute authorizing proceedings against boats, (*Pub. Stat., page* 647,) is not in conflict with the constitution or any law of the United States.

The constitution provides that the judicial power of the United States shall extend to all cases of admiralty jurisdiction. *Art. 3, Sec. 2, Constitution U. S.*

1. It is possible, and may be conceded for the argument, that under this constitutional provision it is competent for Congress to make that jurisdiction exclusive, and that by the act known as the Judiciary Act of 1789, this jurisdiction was made exclusive in the District Courts of the United States.   1 *Stat. at Large, page* 77, *Conk. Treat.,* 236.

2. The act of 1845, however, expressly makes this jurisdiction concurrent; this act expressly saving to parties the right of a concurrent remedy at the common law, where it is competent to give it, and any concurrent remedy which may be given by the State laws, when the vessel is used in the business of commerce and navigation.   5 *Stat. at Large, p.* 726, *sec.* 20.

3. After the act of 1845, and under it, arose the case of the propeller Genesee Chief, and in the argument it was urged that this act attempted to extend the admiralty and maritime jurisdiction beyond the limits of the constitution, but the Court held that the constitution itself extended this jurisdiction to the lakes and internal waters connecting them. *Propeller Genesee Chief,* 12 *How.,* 443.

Under this decision the only effect of the act of 1845 was to restrict instead of enlarging the admiralty jurisdiction of the United States Courts, this act expressly saving to the States their own concurrent remedies.

No principle of law is better settled than that where the constitution of the United States does not vest in the United States exclusive jurisdiction, and no act of Congress gives the exclusive jurisdiction, the States have concurrent jurisdiction in all judicial matters.  4 *Kent,* 400.

But this principle, important as it is in connection with many subjects of State legislation, is not necessary for our own purpose, for the act of Congress of 1845 not only fails to vest this exclusive jurisdiction in the United States Courts, but expressly gives the concurrent jurisdiction to the States in all cases arising on the lakes and the waters connecting them.

It has been judicially decided that the act of 1845, as well as the jurisdiction newly asserted by the case of the propeller Gen-

vol. x.—32

esee Chief, extends to the navigable rivers as well as to the lakes. *Conk. Treat.*, 279.

The case at bar is not one wholly of admiralty and maritime jurisdiction, but is one in which courts of common law have always exercised concurrent jurisdiction, and the exclusive jurisdiction granted by the judiciary act did not exclude this concurrent remedy at common law. *Percival vs. Hickey*, 18 *John.*, 257; 1 *Kent*, 377, *and note A*.

It is well known that nearly every State in the Union has statutes on this subject identical with our own, and their Courts are constantly exercising an unquestioned jurisdiction under them.

III.—If our first point is established, and this statute is not in conflict with the constitution or laws of the United States, then the case at bar must be determined without any reference to such constitution or laws, and is not affected at all by the admiralty and maritime jurisdiction of the United States Courts, and we have but to show, secondly, that this statute is not in conflict with the constitution of the State.

1. It will be conceded that a sovereign State may prescribe the forms of proceedings in its own Courts, and its own remedies.

But it is contended that this particular proceeding and remedy is inhibited by the State constitution. This inhibition, if it exists at all, must relate to the subject matter of the statute, or to the want of power in the forum in which is vested the jurisdiction under it.

As to the first point, we can see no constitutional inhibition against this form of proceeding. The constitution does not undertake to regulate in any manner the mode of proceeding or forms of remedies. These are left to the discretion of legislatures and the regulations of law.

As to the latter point, it is claimed by the appellant that under *sec. 5, art. 6 of the Constitution*, which provides that "the District Court shall have original jurisdiction in all civil cases, both in law and equity, where the amount in controversy exceeds $100," the State District Court is deprived of jurisdiction under this act. It seems to us it were useless to attempt to prove what is so self-

evident as that this proceeding is a civil case as contra-distin-
guished from criminal, (for the term civil is evidently used in this
sense in this connection), and that an unlimited jurisdiction in
such civil cases is intended.   Nor are the words "both in law
and equity" intended in any restrictive sense, so as to deprive the
District Court of jurisdiction in any civil case which was not one
"in law or equity," if such a case could be conceived.   But no
such case can exist, for the term law in this connection is not used
in any technical sense, and will cover the case of any civil inquiry
of whatever kind or character not cognizant exclusively in equity.
In case the constitution had provided for admiralty courts, with
the jurisdiction usual to such courts, and such courts were organ-
ized, it might then be necessary to show that this case was one in
which the common law courts had concurrent jurisdiction with
such courts, as it clearly is, but there being no such jurisdiction
known to the State laws, the question becomes unimportant in this
connection.

2. It would be idle to argue a proposition so evident as that the
District Court in entertaining jurisdiction under this statute is not
acting as a court of admiralty and maritime jurisdiction.   Such
courts proceed in their peculiar and summary manner, and the
trial is without jury.   This proceeding is really a proceeding by
attachment, entirely analogous to the general statute on the sub-
ject, differing merely in allowing the writ for different reasons,
substituting the name of the boat for that of her owners, and
allowing the process to be served on the officers of the boat instead
of the owners.

III.—The transfer of the claim before the suit, in no way affects
the remedy.   The statute provides that "any person having a
demand as aforesaid may institute the suit."   *Pub. Stat.* 647,
*section* 2.

In case the terms of the statute did not expressly warrant the
assignee to sue, the rule would be the same, for the case of a ven-
dor's or other lien personal to the party to whom the claim orig-
inates is not analogous to this, for under these statutes, like those
providing for general attachments, the lien does not exist till the

attachment is levied. *Robinson vs. Steamboat Red Jacket*, 1 *Mich.*, (*Manning*) 171; *Moses vs. Steamboat Missouri, Id.*, 507.

As no lien attaches till the suit is brought, and the real party in interest must bring the suit, of course he must have the benefit of the lien.

*By the Court*—WILSON, C. J.—It is now settled that the admiralty jurisdiction of the United States Courts extends to all rivers or waters navigable *in fact* from the sea by vessels of ten or more tons burden. *Genesee Chief vs. Fitzhue*, 12 *How. U. S. Rep.*, 443; *Fritz vs. Bull, Id.*, 466.

*Sec. 2, of Art. 3, of the Constitution of the United States*, provides that the judicial power of the United States extends to all cases of admiralty or maritime jurisdiction. In pursuance of this provision Congress might vest in the United States Courts exclusive jurisdiction of this class of cases, but a grant of jurisdiction generally to the United States Courts is not sufficient to vest an *exclusive* jurisdiction, and until Congress makes this jurisdiction exclusive the State Courts retain a concurrent cognizance in all cases where previous to the constitution they had jurisdiction over the subject matter. 1 *Kent's Com.*, 367; *Id.*, 377, 400; *Story on Con.*, 553; *Martin vs. Hunter*, 1 *Wheaton*, 304; *N. J. Steam Nav. Co. vs. Merchant's Bank*, 6 *How. U. S. Rep.*, 344, 390.

The judiciary act passed in 1789, provides that the District Court (of the United States) " shall have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost navigation or trade of the United States where the seizures are made, on water navigable from the seas by vessels of ten or more tons burden * * *saving* to suitors in all cases the right of a common law remedy when the common law is competent to give it."

This saving clause was probably inserted from abundant caution, lest the exclusive terms in which the power is conferred on the United States District Courts might be deemed to have taken away the concurrent remedy which before existed. This leaves the concurrent power in this class of cases where it stood at com-

Reynolds v. Steamboat Favorite.

mon law. 1 *Kent's Com.*, 377 ; *Story on the Con.*, 533, *note ;* 1 *Kent's Com.*, 367, *note ; N. J. Steam Nav. Co. vs. Merchant's Bank*, 6 *How. U. S. Rep.*, 390 ; *Percival vs. Hickey*, 18 *Johns. Rep.*, 257.

But it is urged by the appellant's counsel that the act only saves to the party "*a common law remedy*," and that this is not a common law remedy, or remedy that a court of common law is competent to give. We think this view of the case cannot be sustained.

In cases at common law the trial is by jury. In cases of admiralty and maritime jurisdiction the trial is by the Court. *The Sarah*, 8 *Wheaton*, 394. The same Congress that passed the act of 1789, above referred to, provided that in cases of admiralty and maritime jurisdiction the form and mode of proceeding shall be according to the course of the civil law.

The proceedings in this case are in all essential particulars according to the course of the common law, as contra-distinguished from proceedings in courts of admiralty. The trial is by jury, which is the distinguishing feature of the common law system. The attaching of property is not a proceeding peculiar to either Court.

It is quite competent and not uncommon for a legislature to provide that a defendant may be sued by a fictitious name, and whether that name is John Doe or Steamboat Favorite is wholly immaterial. The object is to obtain a judgment for the sum due, and to hold the boat as security for the satisfaction of such judgment.

But it is insisted that this is a proceeding *in rem*, and therefore a common law court is not competent to give such remedy. If it is admitted that the proceeding is *in rem*, this conclusion does not necessarily follow.

In England in the Court of Exchequer, and in the United States in the District Courts, in seizures made on land for violation of the revenue laws, the proceedings are *in rem*, according to the course of the common law.

Though a proceeding is *in rem*, it is not necessarily a proceed-

ing or cause in admiralty.   *The Sarah*, 8 *Wheaton*, 391;   *U. S.
vs.* 422 *Casks of Wine*, 1 *Peter*, 547;  1 *Kent's Com.*, 374–5–6.

*Any person*, whether original creditor or assignee of the claim,
having a demand against the boat, is authorized by our statute to
proceed against it in this manner.

Judgment below affirmed.

Action by plaintiff against defendant under *chap.* 76 *of the Comp. Stat. Held*—
that the remedy given by this chapter is a "common law remedy," and is
therefore saved to suitors by the judiciary act of the United States passed in 1789.

That the District Courts of this State have jurisdiction in this class of cases.