TEN CASES, etc., (GUIET, Claimant,) v. UNITED STATES.

*(Circuit Court, S. D. New York.   December 29, 1887.)*

INTERNAL REVENUE—SEIZURE OF LAND—WRIT OF ERROR—PROCEDURE ABOVE.
  Upon a writ of error to the circuit court from a judgment of the district court, dismissing a seizure made upon land for want of prosecution, the circuit court, under Rev. St. U. S. § 636, has only power to reverse, affirm, or modify the judgment of the district court, and a judgment by the circuit court, affirming the district court and dismissing the action, will be set aside.

At Law.   Motion to vacate judgment.
*Edward K. Jones*, for the motion.
*Abram J. Rose*, Asst. U. S. Atty., opposed.

WALLACE, J.   The writ of error in this suit was dismissed for want of prosecution, and thereupon a judgment of condemnation and forfeiture, affirming the judgment of the district court, was entered in this court.   The present motion to vacate the judgment is made in the interests of the sureties of the claimant, and it is insisted that the judgment is irregular, if not void, because, upon a writ of error in such a suit, the record is not removed from the district court, and, upon an affirmance or reversal of the judgment by this court, the proceedings should be remitted to the district court, with instructions to render the proper judgment.   The point is well taken.   In seizures made upon land the district court proceeds as a court of common law, according to the course of the exchequer on information *in rem*, and the trial of issues of fact is to be by jury.   In seizures made upon navigable waters the court sits as a court of admiralty and the trial is to be by the court.   *The Sarah*, 8 Wheat. 391.   While the form of information and of the judgment is the same in both classes of cases, the mode of review and the incidents of the review are wholly distinct.   In the former the mode of review is by writ of error, and the case is presented by bill of exceptions.   In the latter the mode of review is by appeal.   Upon an appeal the decree from which the appeal is taken is superseded and vacated, and a new trial had in the appellate court; and the *res* forming the subject-matter in dispute, the funds in the court below, and the stipulations of the sureties, are transmitted to the appellate court; and the judgment pronounced by that court is practically an original judgment in which the court awards process to execute its decree.   Upon such an appeal, prior to the act of 1872, the circuit court had no power to remit its proceedings to the court below.   Since the act of June 1, 1872, (17 St. at

Large, 196; Rev. St. § 636,) the circuit court may now affirm, modify, or reverse admiralty appeals. Upon reviews by writ of error to the district court the circuit court is to re-examine and reverse or affirm the judgment, (Rev. St. § 636;) and by section 636 may also modify or direct such judgment to be rendered by the district court as the justice of the case may require. The latter section is not to be construed as intended to make an unnecessary and inappropriate innovation upon the existing practice.

The present judgment seems to have been entered upon the theory that the record has been removed out of the district court, and is now in this court. This is a misapprehension. Upon the removal of a cause by a writ of error, the record, the fund, the stipulations, and the *res* remain in the district court, and this court acts upon an authenticated transcript of the record, an assignment of errors, and a prayer for reversal, with a citation to the adverse party. Rev. St. § 907.

The right of the sureties for the claimant to have a judgment, to which, upon payment of their stipulation, they may be entitled to become subrogated, entered by the proper courts, and in the proper form, is a matter of substance. It is by no means clear that the party causing an execution to be levied upon the judgment as it now stands would be protected. The motion is therefore granted.