2003 ND 168

STATE of North Dakota, Plaintiff
and Appellee

v.

$17,515.00 IN CASH MONEY, $50.00 in
Cash Money, Daniel Olivarez,
Defendants

and

Alice Olivarez, Defendant
and Appellant.

No. 20030008.

Supreme Court of North Dakota.

Nov. 13, 2003.

Sharon Wilson Martens, State's Attorney, Grafton, for plaintiff and appellee.

Henry H. Howe, Howe & Seaworth, Grand Forks, for defendant and appellant.

MARING, Justice.

[¶ 1]   Alice Olivarez has appealed from a judgment ordering forfeiture of cash found during execution of a search warrant.  We affirm, concluding Olivarez was not entitled to a jury trial on the forfeiture and the trial court did not apply an erroneous standard of proof.

I

[¶ 2]   On January 2, 2002, police officers executed a search warrant at the home of Daniel Olivarez, Jr., and Alice Olivarez.  Officers found 191 bags of cocaine in an open safe on the dresser in the Olivarezes' bedroom.  On the dresser next to the safe was a $50 bill.  Officers found $17,515.00 in a backpack located on the bed near the dresser.  Subsequent lab tests also found residue of marijuana in the backpack.

[¶ 3]   The State instituted forfeiture proceedings, alleging the money was derived from illegal drug transactions.  At trial, one of the officers who executed the

search warrant testified to the circumstances surrounding the search and the discovery of the money in close proximity to the cocaine. Alice Olivarez testified that the money was not derived from drug transactions, but that $15,000.00 of the money had been a gift from Daniel's father. She further testified she kept the money in the backpack rather than a bank because she was afraid that her creditors could get it if it was in the bank.

[¶ 4] The trial court found that the money was derived from illegal drug transactions and ordered it forfeited to the State. A judgment of forfeiture was entered, and Alice Olivarez appealed.

## II

[¶ 5] Olivarez contends the court erred in denying her demand for a jury trial. The State instituted this forfeiture proceeding under N.D.C.C. ch. 19–03.1, which clearly envisions that the matter is to be heard by the court without a jury:

Hearing on contested forfeiture—Order releasing or forfeiting property. If an answer is filed within the time limits in this chapter, the forfeiture proceedings must be set for hearing before the court.... If the court finds that the property is not subject to forfeiture under this chapter, the court shall order the property released to the owner or other person with a legal interest in the property as that person's right, title, or interest appears. The court shall order the property forfeited if it determines that such property or an interest therein is subject to forfeiture.

N.D.C.C. § 19–03.1–36.6.

[¶ 6] Olivarez contends this procedure is unconstitutional, arguing a jury trial is required under N.D. Const. art. I, § 13, which provides: "The right of trial by jury shall be secured to all, and remain inviolate." This provision neither enlarges nor restricts the right to a jury trial, but merely preserves the right as it existed at the time of the adoption of our constitution. *Peters–Riemers v. Riemers*, 2002 ND 72, ¶ 5, 644 N.W.2d 197; *Daley v. American Family Mut. Ins. Co.*, 355 N.W.2d 812, 814–15 (N.D.1984); *City of Bismarck v. Altevogt*, 353 N.W.2d 760, 764 (N.D.1984); *Union State Bank v. Miller*, 335 N.W.2d 807, 808 (N.D.1983); *In re R.Y.*, 189 N.W.2d 644, 651 (N.D.1971). This provision preserves the right to a jury trial in all cases in which it could have been demanded as a matter of right at common law at the time of the adoption of our constitution. *Peters–Riemers*, at ¶ 5; *General Elec. Credit Corp. v. Richman*, 338 N.W.2d 814, 817 (N.D.1983); *In re R.Y.*, at 651. The right to a trial by jury as it existed under law at the time of adoption of the constitution is governed in this case by the Compiled Laws of Dakota Territory (1887). *See Altevogt*, at 764; *Peters–Riemers*, at ¶ 6.

[¶ 7] At the time of the adoption of our constitution in 1889, no cause of action existed for forfeiture of the proceeds of illegal drug transactions. The 1887 Code provided that a criminal conviction worked no forfeiture of property except in cases of treason or when specifically provided by statute:

No conviction of any person for crime works any forfeiture of any property, except in the cases of any outlawry for treason, and other cases in which a forfeiture is expressly imposed by law.

1887 Compiled Laws of Dakota Territory § 6958. This statutory provision excluding forfeitures unless expressly provided by law remained in effect, with slight variation, until the new criminal code became effective in 1975. *See* N.D.C.C. § 12–06–28, *repealed by* 1973 N.D. Sess. Laws ch. 116, § 41.

[¶ 8] The 1887 Compiled Laws also included a provision specifying: "In this territory there is no common law in any case where the law is declared by the codes." 1887 Compiled Laws of Dakota Territory § 2605; *see also* N.D.C.C. § 1–01–06. Because § 6958 "declared" the law regarding forfeitures for criminal acts, specifically providing forfeiture only in cases of outlawry for treason or when "expressly imposed by law," there was no separate common law of forfeiture for criminal acts.

[¶ 9] Olivarez has not cited, nor have we located, any provision in the 1887 Code imposing a forfeiture for proceeds of illegal drug transactions. The legislature enacted the current provision authorizing forfeiture of money used in illegal drug transactions in 1983. *See* 1983 N.D. Sess. Laws ch. 256, § 1; N.D.C.C. § 19–03.1–36(1)(h).

[¶ 10] It is axiomatic that, because there was no available action in this state for forfeiture of proceeds from illegal drug transactions at the time the constitution was adopted, there was no right to a jury trial in such an action. The legislature created a new statutory proceeding when, nearly a century after adoption of the constitution, it authorized forfeiture of property, including money, used in illegal drug transactions. We agree with courts in other jurisdictions which have held that, under similar circumstances, there is no constitutional right to a jury trial in a forfeiture proceeding. *See Swails v. State,* 263 Ga. 276, 431 S.E.2d 101, 103 (1993); *State Conservation Dep't v. Brown,* 335 Mich. 343, 55 N.W.2d 859, 861–62 (1952); *In re Forfeiture of 301 Cass Street,* 194 Mich.App. 381, 487 N.W.2d 795, 798 (1992); *State v. One 1921 Cadillac Touring Car,* 157 Minn. 138, 195 N.W. 778, 780 (1923); *State v. Morris,* 103 N.C.App. 246, 405 S.E.2d 351, 352–53 (1991); *Helms v. Tennessee Dep't of Safety,* 987 S.W.2d 545, 547 (Tenn.1999). We agree with the rationale of the Supreme Court of Georgia in *Swails,* at 103 (citations omitted):

The provision of our State Constitution regarding the right to jury trial "means that it shall not be taken away, *as it existed in 1798,* when the [first] instrument was adopted, *and not that there must be a jury in all cases.* New forums may be erected, and *new remedies provided,* accommodated to the ever shifting state of society." *Flint River Steamboat Co. v. Foster,* 5 Ga. 194, 207–208 (1848). Obviously, the right to jury trial in drug forfeiture proceedings did not exist in 1798. This is true because the statute authorizing drug forfeiture is a "new remedy" which did not exist at common law, but which was enacted subsequent to 1798 so as to accommodate the "shifting state of society." "[T]here is no state constitutional right to a jury trial with respect to *proceedings of statutory origin unknown at the time the Georgia Constitution was adopted."* *Benton v. Ga. Marble Co.,* 258 Ga. 58, 66(4), 365 S.E.2d 413 (1988). Since the provisions of OCGA § 16–13–49 create a statutory proceeding which was unknown in 1798, it follows that the General Assembly was authorized to provide for a bench trial in that proceeding and that the trial court in the instant case correctly overruled appellant's challenge to the constitutionality of OCGA § 16–13–49(*o*)(5) and (p)(6).

[¶ 11] The forfeiture provisions of N.D.C.C. ch. 19–03.1 create a statutory proceeding and new remedies which were unknown at the time our constitution was adopted in 1889. Accordingly, there is no right under N.D. Const. art. I, § 13, to a jury trial in proceedings under the statute.

### III

[¶ 12] Olivarez contends the trial court applied an erroneous standard of

proof and improperly placed the burden upon her to show that the money was not derived from illegal drug transactions. Olivarez argues the State has the burden to prove by a preponderance of the evidence that the money was derived from illegal drug transactions.

[¶ 13] The legislature has spelled out the applicable standards and burdens of proof in a forfeiture proceeding under N.D.C.C. ch. 19–03.1. Section 19–03.1–36.2, N.D.C.C., provides:

> Forfeiture proceeding as civil action—Standard of proof. Forfeiture proceedings are civil actions against the property to be forfeited and the standard of proof is a preponderance of the evidence.

The applicable burdens of proof in a contested forfeiture proceeding are enunciated in N.D.C.C. § 19–03.1–36.6:

> If an answer is filed within the time limits in this chapter, the forfeiture proceedings must be set for hearing before the court. At the hearing, the state shall establish probable cause for instituting the forfeiture action following which any owner or person with a legal interest in the property to be forfeited who has filed an answer to the complaint has the burden of proving that the property to be forfeited is not subject to forfeiture under this chapter. If the court finds that the property is not subject to forfeiture under this chapter, the court shall order the property released to the owner or other person with a legal interest in the property as that person's right, title, or interest appears. The court shall order the property forfeited if it determines that such property or an interest therein is subject to forfeiture.

[¶ 14] We have previously interpreted the statute as setting forth a two-step process. In *State v. One 1990 Chevrolet Pickup*, 523 N.W.2d 389, 394 n. 3 (N.D. 1994), we noted that "the government first must show probable cause to institute forfeiture proceedings and then the burden shifts to the claimant." *See also* Rick Maixner & Sidney Hertz Fiergola, *Constitutional Issues in North Dakota Asset Foreclosure Law After Austin v. United States, Alexander v. United States, and United States v. Good Real Property*, 70 N.D.L.Rev. 851, 852 (1994) ("Once the government has established probable cause that the asset is forfeitable, the burden shifts to the claimant to prove by a preponderance of the evidence that the property should not be forfeited."). We explained the burden-shifting procedure:

> Probable cause is only a minimal, threshold burden. This burden requires the State to establish only that reasonable grounds exist to believe that the property was "probably connected with criminal activity." *State v. Rydberg*, 519 N.W.2d 306, 308 (N.D.1994), quoting *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988).... If the State has not proved that there was probable cause to seize [the claimant's] pickup for use in a felony, the case is over, and the pickup must be returned. But this is only the first stage of proof that the trial court must decide in a forfeiture case.
>
> If probable cause for seizure is proven, the trial court still must go to the second stage and weigh the evidence under a preponderance standard to determine whether to forfeit the pickup. Thus, if [the claimant] proved that it was more probable that his pickup was only used in a misdemeanor, and not in a felony, then the trial court should deny forfeiture and return the pickup to him.

*One 1990 Chevrolet Pickup*, at 394–95 (citations omitted).

[¶ 15] The statute does not provide that, if the claimant comes forward with evidence tending to show that the property

was not involved in illegal drug activity, the burden shifts back to the State to prove the property is forfeitable. Rather, the statute clearly provides that, once the State establishes probable cause to believe the property is forfeitable, the ultimate burden of proof shifts to the claimant to prove by a preponderance of the evidence that the property is not forfeitable. That is precisely the standard applied by the trial court in this case. The court first found there was probable cause to believe the money was derived from illegal drug sales, and then concluded Olivarez had failed to show that the money had not come from illegal drug sales.

[¶ 16] We conclude the court did not apply an incorrect standard of proof.

### IV

[¶ 17] We have considered the remaining arguments raised by Olivarez and find them to be without merit. The judgment is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.