#24272-rev & rem-RWS

**2007 SD 63**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                   Plaintiff and Appellee,

v.

ONE 1969 BLUE PONTIAC FIREBIRD,
VIN #223379U128403, AND
$4,303.83 IN AMERICAN CURRENCY,         Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART L. TIEDE
Judge

* * * *

LAWRENCE E. LONG
ATTORNEY GENERAL
Pierre, South Dakota

CONSTANCE K. LARSON
Assistant Attorney General
Sioux Falls, South Dakota            Attorneys for plaintiff
                                         and appellee.

RICHARD L. JOHNSON
Attorney at Law
Sioux Falls, South Dakota            Attorney for defendant
                                         and appellant.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 23, 2007

OPINION FILED **06/27/07**

#24272

SABERS, Justice

[¶1.]     After the State filed a complaint alleging One 1969 Blue Pontiac (Blue Pontiac) and $4,303.83 in American Currency[1] were subject to forfeiture, Ora Mae Baade (Baade) filed a verified answer claiming the Blue Pontiac was hers and demanded a jury trial.  The circuit court found there is no right to a jury trial in a forfeiture action and denied her request.  Baade appeals and we reverse.

**FACTS**

[¶2.]     According to the complaint, the car was seized because it had been used to transport, possess, or conceal controlled drugs or substances on the dates of July 13, 2006 through July 17, 2006.  Baade is the registered owner of the Blue Pontiac.  However, the complaint alleged the true owner is her son, Thomas Baade.

[¶3.]     In her answer, Baade claimed that "she did not know, and in the exercise of ordinary care should not have known, that [her vehicle] transported, possessed, or concealed any quantity of controlled drugs" or was intended to be used in that manner.  Baade requested the return of her Blue Pontiac and demanded a jury trial pursuant to the Seventh Amendment of the United States Constitution and Article VI section 6 of the South Dakota Constitution.

[¶4.]     Later, Baade made a separate motion for a jury trial.  The court held a hearing on the motion, but denied her demand for a jury trial.  Baade filed a

---

1.     This case only involves the Blue Pontiac as Baade signed a disclaimer of interest in the Currency.

-1-

#24272

petition for discretionary appeal with this Court, which was granted.  The sole issue

on appeal is:

> Whether Article VI, section 6 of the South Dakota Constitution
> provides for a jury trial in civil forfeiture actions.[2]

## STANDARD OF REVIEW

[¶5.]       The parties agree that SDCL 34-20B-88 provides for a court trial in a

contested forfeiture action.[3]  If the South Dakota Constitution provides for a jury

trial in forfeiture actions, then the statute would be unconstitutional to the extent it

denies the parties the right to a jury trial.  The constitutionality of a statute is a

question of law reviewed de novo.  State v. $1,010 in American Currency, 2006 SD

84, ¶8, 722 NW2d 92, 94.

---

2.    Although Baade's original demand for a jury trial was alleged under the
      Seventh Amendment to the United States Constitution along with South
      Dakota's Constitution, Baade concedes that the Seventh Amendment is not
      incorporated into the Fourteenth Amendment and not applicable to the
      states.  Therefore, the right to a jury trial will only be examined using Article
      VI section 6 of the South Dakota Constitution.

3.    The statute provides:

      If a verified answer is filed, the forfeiture proceedings shall be set for hearing
      on a day not more than sixty days therefrom; at the hearing, the state shall
      establish probable cause for instituting the forfeiture action following which
      any owner, party in interest or claimant who has filed a verified answer shall
      have the burden of proving that the property seized is not subject to forfeiture
      under this chapter.  If *the court finds* that the property is not subject to
      forfeiture under this chapter, the court shall order the property released to
      the owner, party in interest or claimant as his right, title or interest appears;
      the court shall order the property forfeited if it determines that such property
      was subject to forfeiture.

      SDCL 34-20B-88 (emphasis added).

[¶6.]     Article VI, section 6 of the South Dakota Constitution provides,

> The right of trial by jury shall remain inviolate and shall
> extend to all cases at law without regard to the amount in
> controversy, but the Legislature may provide for a jury of
> less than twelve in any court not a court of record and for
> the decision of civil cases by three-fourths of the jury in
> any court.

This section of the Constitution guarantees both litigants the right to a jury trial. First Nat'l Bank of Philip v. Temple, 2002 SD 36, ¶10, 642 NW2d 197, 201. We have recognized that the right to a jury trial does not exist in all cases, *id.*, but exists in cases "where such right existed at common law." State v. Page, 2006 SD 2, ¶76, 709 NW2d 739, 764.[4] "In cases where the pleadings seek equitable relief or where the legal relief is incidental, a jury trial is a matter for the trial court's discretion. Conversely, when the action is at law, either party has a right to a jury trial." *First Nat'l Bank of Philip*, 2002 SD 36, ¶10, 642 NW2d at 201 (quoting First W. Bank, Sturgis v. Livestock Yards, 466 NW2d 853, 856 (SD 1991)) (additional citations omitted).

[¶7.]     The State argues there are two reasons Baade should be denied a jury trial. First, forfeiture actions arise in equity, and there is no right to a jury trial when the case arises in equity. Second, drug forfeitures did not exist when South

---

4.    The State points out that unlike the United States Constitution, our
      Constitution does not specifically say "suits at common law." However, this
      provision has been interpreted to mean a right to a jury trial exists in cases
      "where such right existed at common law." *Page*, 2006 SD 2, ¶76, 709 NW2d
      at 764. *See also* State v. Piper, 2006 SD 1, ¶53, 709 NW2d 783, 805; Shaw v.
      Shaw, 28 SD 221, 133 NW 292, 293-94 (1911); Grigsby v. Larson, 24 SD 628,
      124 NW 856, 858 (1910).

Dakota ratified its Constitution; therefore, the Constitution did not preserve the right to a jury trial.

### A. Equity

[¶8.] This Court has not considered whether forfeiture actions are equitable in nature. The State claims that forfeiture actions arise in equity because they involve "unjust enrichment of persons involved in the drug trade." In support of its argument, it lists several circuit court orders that deny a jury trial in forfeiture cases. The State claims these circuit courts have "found drug asset forfeiture cases to be equitable in nature and have denied jury trials." However, only one order denies a jury trial because it found a forfeiture case involving money to be equitable. The record does not indicate if the other circuit courts considered whether forfeiture is an equitable action as the other orders simply state the case will be heard by the court pursuant to SDCL 34-20B-88, the section of the forfeiture statutes relating to trials. Moreover, these circuit court orders are not binding on this Court.

[¶9.] Furthermore, forfeiture cases involving items allegedly used to transport drugs, as alleged in this case, may not involve unjust enrichment. It could be argued that forfeiture cases involving suspected drug proceeds would involve unjust enrichment. However, the statutes do not require the items to be

derived from drug dealing in order to bring a forfeiture action. SDCL 34-20B-70.[5]

In that respect, the drug forfeiture statutes do not appear to be equitable.

[¶10.]    In addition, as far back as 1823, the United States Supreme Court has found forfeiture actions to be proceedings at common law. *United States v. One 1976 Mercedes Benz 280S*, 618 F2d 453, 459 (7thCir 1980) (quoting *The Sarah*, 8 Wheat 391, 394, 5 LEd 644 (1823)). The Supreme Court noted, "In the trial of all cases of seizure, on land, the court sits as a court of common law." *The Sarah*, 8

---

5.    Most sections do not require the State demonstrate the object was derived from the use or distribution of illegal drugs. The statute provides in relevant part:

The following are subject to forfeiture and no property right exists in them:
. . .

(3) All property which is used, or intended for use, as a container for property described in subdivisions (1) and (2);
(4) All conveyances including aircraft, vehicles, or vessels, which transport, possess, or conceal, or which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of marijuana in excess of one-half pound or any quantity of any other property described in subdivision (1) or (2), except as provided in §§ 34-20B-71 to 34-20B-73, inclusive. This subdivision includes those instances in which a conveyance transports, possesses or conceals marijuana or a controlled substance as described herein without the necessity of showing that the conveyance is specifically being used to transport, possess, or conceal or facilitate the transportation, possession, or concealment of marijuana or a controlled substance in aid of any other offense. . . .

The only section that appears to relate to unjust enrichment would be subsection (7):

(7) Any assets, interest, profits, income, and proceeds *acquired or derived* from the unlawful purchase, attempted purchase, distribution, or attempted distribution of any controlled drug or substance or marijuana.

SDCL 34-20B-70 (emphasis added).

Wheat at 394, 5 LEd at 644. "In all cases at common law, the trial must be by jury." *Id; see also* C.J. Hendry Co. v. Moore, 318 US 133, 137-140, 63 SCt 499, 501-503, 87 LEd 663 (1943) (noting that historically, a forfeiture proceedings was conducted as a trial by jury); *One 1976 Mercedes Benz 280S*, 618 F2d at 464 (quoting *C.J. Hendry*, 318 US at 153) (noting that the common understanding was forfeiture cases were in common law).

[¶11.]      Authority indicates civil forfeiture proceedings are proceedings at law and are not equitable.[6] As proceedings at law, the right to a jury trial existed at common law. Therefore, our next inquiry is whether our Constitution preserved the right to a jury trial in forfeiture cases.

### B. Jury Trial under South Dakota Constitution

[¶12.]      As Baade concedes, the right to a jury trial under the Seventh Amendment to the United States Constitution is not applicable to the states. However, the underlying analysis and rationale when deciding a right to a jury trial exists in civil forfeiture actions in federal court is helpful in our inquiry. The wording of the Seventh Amendment is similar to Article VI section 6 and this section of our constitution is understood to "preserve the right to a jury where such right existed at common law" just as "[i]n Suits at common law . . . the right of a

---

6.      Even though the State now argues forfeitures are in equity, according to the opinion in *State v. $1,010 in American Currency*, the State argued that "civil forfeiture actions are legal, not equitable . . . ." *See* 2006 SD 84, ¶12, 722 NW2d 92, 95.

trial by jury shall be preserved" under the Seventh Amendment.[7]  Moreover, our civil forfeiture actions predicated upon SDCL 34-20B-70 are based on the federal forfeiture statutes.  *State v. One 1995 Silver Jeep Grand Cherokee and $497 in American Currency*, 2006 SD 29, ¶5, 712 NW2d 646, 649.

[¶13.]        In *One 1976 Mercedes Benz 280S*, the United States Court of Appeals for the Seventh Circuit held the Seventh Amendment preserved the right to a jury trial in civil forfeiture actions.  618 F2d at 454.  The Seventh Circuit noted that as far back as 1823 the United States Supreme Court has acknowledged that "[i]n the trial of all cases of seizure, on land, the court sits as a court of common law."  *Id.* at 459 (quoting *The Sarah*, 8 Wheat at 394, 5 LEd 644).  The court of appeals found it an "inescapable" conclusion that prior to December 15, 1791[8] statutory forfeitures on land were conducted as jury trials.  *Id.* at 466.  Thus, the Seventh Amendment preserved the right to a jury trial in forfeiture actions conducted in federal court.

[¶14.]        In addition to the federal courts, several states have considered whether their state constitutions require a jury trial in civil forfeiture actions.  A survey of states indicates the courts found a jury trial is available in California,

---

7.      *Compare* United States Const Amend VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."), *with* SD Const Art VI sec 6 ("The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy . . . .").

8.      This is the date that the procedure for adding the first ten amendments was concluded.  *One 1976 Mercedes Benz 280S*, 618 F2d at 456.

Florida, Idaho, Illinois, Maine, Massachusetts, New York, Oregon, Pennsylvania, South Carolina, New Jersey, Vermont and Okalahoma.[9]

[¶15.]    On the other hand, Alabama, Georgia, Michigan, Minnesota, North Carolina, Tennessee and North Dakota have found a jury trial is not required in civil forfeitures.[10]

[¶16.]    In *State v. $17,515.00 in Cash Money*, the North Dakota Supreme Court found there is not a right to a jury trial in drug forfeiture cases. 670 NW2d 826, 828 (ND 2003). The North Dakota court explained that the 1887 Compiled Laws of Dakota Territory only provided for forfeiture actions upon convictions "in cases of treason or when specifically provided by statute." *Id.* at 827. Moreover, the

---

9.      *See* State ex rel. Dugger v. Twelve Thousand Dollars ($12,000.00), 155 P3d 858, 866 (OklaCivAppDiv2 2007); Maine v. One 1981 Chevrolet Monte Carlo, 728 A2d 1259, 1261 (Me 1999); State v. One 1990 Honda Accord, 712 A2d 1148, 1158 (NJ 1998); Idaho Dept. of Law Enforcement v. Real Prop. Located in Minidoka County, Idaho, 885 P2d 381, 386 (Idaho 1994); People *ex rel.* O'Malley v. 6323 North LaCrosse Ave., 634 NE2d 743, 746 (Ill 1994); Pennsylvania v. One Z-28 Camaro Coupe, 610 A2d 36, 38 (Pa 1992); Medlock v. 1985 Ford F-150 Pick Up, 417 SE2d 85, 87 (SC 1992); Dep't of Law Enforcement v. Real Prop., 588 So2d 957, 967 (Fla 1991); Massachusetts v. One 1972 Chevrolet Van, 431 NE2d 209, 211 (Mass 1982); People v. One 1941 Chevrolet Coupe, 231 P2d 832, 844 (Cal 1951); Oregon v. 1920 Studebaker Touring Car, 251 P 701,706 (Or 1926); Colon v. Lisk, 47 NE 302, 303 (NY 1897); Plimpton v. Town of Somerset, 33 Vt 283 (Vt 1860).

10.     *See $17,515.00 in Cash Money*, 670 NW2d at 828; State v. One 1921 Cadillac Touring Car, 195 NW 778, 780 (Minn 1923); State v. Morris, 405 SE2d 351, 352-53 (NCCtApp 1991); Helms v. Tennessee Dep't of Safety, 987 SW2d 545, 547 (Tenn 1999); Swails v. Georgia, 431 SE2d 101, 103 (Ga 1993), *cert denied*, 510 US 1011, 114 SCt 602, 126 LEd2d 567 (1993); *In re* Forfeiture of $1,159,420, 486 NW2d 326, 337 (MichCtApp 1992), *cert denied sub nom.*, Hawkins v. Michigan, 510 US 867, 114 SCt 189, 126 LEd2d 147 (1993); *In re* One Chevrolet Auto., 87 So. 592, 593 (Ala 1921).

1887 Compiled Laws also specified that "[i]n this territory there is no common law in any case where the law is declared by the codes." *Id.* at 828.

[¶17.]     Due to these provisions, the North Dakota court found drug forfeitures were new statutory proceedings created after the constitution was adopted; consequently, there is no right to a jury trial because "there was no available action in this state for forfeiture of proceeds from illegal drug transactions at the time the constitution was adopted." *Id.* Following the reasoning of the North Dakota Supreme Court, the State argues that Baade has no right to a jury trial because no actions for *drug* forfeitures existed when South Dakota ratified our Constitution in 1889. However, the analysis set forth in *One 1976 Mercedes Benz 290S*, is more persuasive. *See* 618 F2d at 456-69 and *supra* ¶¶10, 13.

[¶18.]     As demonstrated in other cases, the appropriate inquiry is not what *type* of forfeiture cases existed, but rather, whether forfeiture cases received a jury trial at the time the constitution was ratified. For example, in *One 1990 Honda Accord*, the New Jersey Supreme Court found drug forfeiture cases allowed for a jury trial even though "forfeiture never existed at common law [in New Jersey] and remains a disfavored remedy." 712 A2d at 1150. The New Jersey court explained,

> Although forfeiture depends on a statute for its existence, it remains subject to common-law principles. When analyzing the right to trial by jury, the term "common law" refers to those principles of English law that evolved in the common-law courts such as the Court of the Exchequer, as opposed to those applied in the Admiralty, Chancery, or Ecclesiastical Courts. People v. One 1941 Chevrolet Coupe, 37 Cal2d 283, 231 P2d 832, 836 (1951); *In re* Forfeiture of 1978 Chevrolet Van, 493 So2d 433, 435 (Fla 1986); Commonwealth v. One 1984 Z-28 Camaro Coupe, 530 Pa 523, 610 A2d 36, 39 (1992); *see also* William B. Stoebuck, *Reception of English Common Law*

> *in the American Colonies*, 10 Wm & Mary LRev 393 (1968)
> (" 'Common law' refers to that body of governing
> principles, mainly substantive, expounded by the
> common-law courts of England in deciding cases before
> them."). Hence, *the fact that common-law forfeiture did
> not become part of New Jersey common law does not
> predetermine whether statutory forfeiture was subject to
> trial by jury in the colonial common-law courts. The
> subject forfeiture, which involves the seizure on land of
> innocent property, is the type of case in which the owner
> would have been entitled to a jury trial* in the common-law
> courts of colonial New Jersey.

*Id.* at 1150-51 (emphasis added).

[¶19.] Likewise, in *Idaho Dep't of Law Enforcement v. Free*, the Idaho Supreme Court found parties to civil forfeitures were entitled to a jury trial. 885 P2d 381, 386 (Idaho 1994). It noted that forfeitures existed at common law and it did not find any provision limiting the right to jury trial in forfeiture actions. *Id.* Importantly, the Idaho laws had a similar provision as our compiled laws, which provided that

> [n]o conviction of any person for crime works any
> forfeiture of any property, except in cases in which a
> forfeiture is expressly imposed by law; and all forfeitures
> to the people of this Territory, in the nature of a deodand,
> or where any person shall flee from justice, are abolished.

*Id. Compare with* 1887 Compiled Laws of Dakota Territory § 6958.[11] The Idaho court explained that while some types of forfeitures were abolished, some types of forfeitures existed at the time Idaho's Constitution was ratified. *Id.* The court did

---

11. The section provides,

   No conviction of any person for crime works any forfeiture of any property, except in the cases of any outlawry for treason, and other cases in which a forfeiture is expressly imposed by law.

not distinguish between different types of forfeitures, but instead found forfeitures were the type of case that entitles the parties to a jury trial. *Id.*

[¶20.] We find this rationale more persuasive. In the North Dakota case of *$17,515 in Cash Money*, the question was construed too narrowly. At the time the South Dakota Constitution was ratified, forfeiture cases were actions at law, requiring a jury trial.[12] It is immaterial whether it is drug forfeiture, treason forfeiture, or some other statutorily created forfeiture. Therefore, Article VI, section 6 of South Dakota's Constitution entitles Baade to a jury trial in this civil forfeiture action.

[¶21.] The State argues that a jury trial is a waste of limited judicial resources and would result in the confusion of issues by the jury. The right to a jury trial may be an inconvenience to the State when it seeks to forfeit allegedly misused property. However, "mere inconvenience would be insufficient reason for denying a traditional and substantial constitutional right." *One 1976 Mercedes Benz 280S*, 618 F2d at 468 (citing Curtis v. Loether, 415 US 189, 198, 94 SCt 1005, 1010, 39 LEd2d 260 (1974)) (additional citations omitted).

[¶22.] SDCL 34-20B-88 is unconstitutional to the extent it does not provide for a jury trial in a forfeiture action. Reversed and remanded.

---

12. As the circuit court noted, forfeiture actions did exist when we ratified our Constitution. *See* 1887 Compiled Laws of Dakota Territory, Member's forfeiture of office, §§ 6325, 6398; Punishment for false impersonation § 6815; Certain actions brought where cause of action arose § 4889(1); § 6981, Civil remedies not affected; Forfeitures to the territory § 5361; § 6958, Conviction does not work forfeiture, located at http://home.sodaklive.com/histdocs.htm (viewed on April 10, 2007).

#24272

[¶23.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.