In the Interest of R.Z.

**T.Z., Petitioner and Appellee,**

v.

**R.Z., Respondent and Appellant.**

**Civ. No. 870304.**

Supreme Court of North Dakota.

Nov. 19, 1987.

---

Dyer and Summers, Bismarck, for respondent and appellant; argued by Anne Elizabeth Summers.

Richard James Riha, Asst. State's Atty., Bismarck, for petitioner and appellee.

LEVINE, Justice.

R.Z. appeals from an order of involuntary commitment to the State Hospital. We reverse and remand for a new hearing.

On September 2, 1987, a petition for involuntary commitment was filed. It alleged that R.Z. was severely mentally ill and exhibited irrational behavior, believed his life to be endangered, concealed papers and other items in his clothing, feared leaving his home and considered himself to be an important political figure.

Likewise, on September 2, 1987 a local law enforcement officer requested emergency treatment for R.Z. at a local hospital on the grounds that R.Z. "was starting to barricade himself in, in his basement. He was doing this to protect himself from attack. He believed his house was going to be attacked and burned." The application for emergency admission also disclosed that R.Z. believed that he was president of the United States, needed a gun, and was going to be murdered by Communists, Libyans and Palestinians.

The trial court appointed counsel and issued an order for emergency treatment at the State Hospital pending preliminary hearing. On September 4, 1987 a preliminary hearing was held and the court found probable cause to believe R.Z. was severely mentally ill.

At a treatment hearing on September 18, 1987, R.Z. appeared pro se. Court-appointed counsel was present but did not participate. The only evidence regarding R.Z.'s pro se representation is the following exchange:

"THE COURT: [R.Z.] you're present today as is Anne Summers, who is appointed by the Court to represent you. I understand you wish to represent yourself; is that correct?

"THE RESPONDENT: That is correct, pro se, and as attorney of record with the independent examiner being either Roger Mckinnon or myself.

"THE COURT: Well, Anne Summers is present today as she was at the preliminary hearing, and if you do feel you need the advice of an attorney, you could speak to her.

"THE RESPONDENT: No, ma'am."

The psychiatrist who had treated R.Z. since September 2 testified and was "cross-examined" by R.Z. R.Z. also "testified" by way of rambling, grandiose soliloquies and a demand to be hospitalized, if at all, at a hospital other than the State Hospital.

The trial court concluded R.Z. was severely mentally ill and in need of hospitalization and ordered R.Z. to be hospitalized at the State Hospital for ninety days. It is from that order this appeal is taken.

On appeal, questions are raised about the sufficiency of the evidence to support the findings of severe mental illness and no less restrictive alternative treatment than hospitalization at the State

Hospital.[1] Inherent in the expressly raised evidentiary issues is the real issue: does the record disclose a valid waiver of counsel which entitled R.Z. to represent himself.

■■■ There is a due process right to counsel in an involuntary commitment proceeding. *In Interest of J.B.*, 410 N.W.2d 530 (N.D.1987). The right to counsel may be waived if the waiver is knowing, intelligent and voluntary. *In Interest of D.S.*, 263 N.W.2d 114 (N.D.1978). While we rely on criminal cases to define the rights of respondents in mental health proceedings, *In re Ebertz*, 333 N.W.2d 786 (N.D.1983), this case illustrates the awkwardness of applying to a mental health proceeding some of the principles gleaned from criminal cases. Indeed, it appears inherently contradictory to find a respondent severely mentally ill, yet able to knowingly and intelligently "waive" his right to counsel. *Cf. Pate v. Robinson*, 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966).

In a criminal proceeding there is a sixth amendment right (made applicable to the states under the fourteenth amendment) to self-representation when the defendant knowingly and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). R.Z.'s rejection of counsel's advice or assistance is the functional equivalent of an election to self-representation. The United States Supreme Court outlined the limitation on the right to represent oneself:

> "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Faretta v. California, supra*, 422 U.S. at 835, 95 S.Ct. at 2541.

In *Faretta*, the record affirmatively demonstrated that Faretta was "literate, competent and understanding, and that he was voluntarily exercising his informed free will." *Id.* The record before us contains no such demonstration. Indeed, the trial court had found probable cause of severe mental illness sufficient to order emergency treatment. It was R.Z.'s manifestations of delusions of grandeur and paranoia that brought him into court. Further, in *Faretta*, the trial judge had warned Faretta of the consequences of his choice. Here, there were no warnings, no explanations, no inquiries, no attention directed to R.Z.'s understanding, knowledge, or competence to waive counsel and elect to represent himself.

■■ In an involuntary commitment proceeding where the very competence of the respondent is at issue, the trial court must determine the competence of the respondent to make a knowing and intelligent waiver of the right to counsel before permitting the respondent to proceed pro se. *See State v. Bauer*, 310 Minn. 103, 245 N.W.2d 848 (1976).

■■ We conclude that a respondent in a mental health proceeding may waive counsel and assert the right to self-representation, only if the waiver is knowing and intelligent and voluntary and only if it appears on the record. Absent evidence of a knowing, intelligent and voluntary waiver of counsel, a respondent in an involuntary commitment proceeding may not represent himself. *Cf. State v. Gissendanner*, 343 N.W.2d 668 (Minn.1984) (trial court properly refused to let defendant represent himself where evidence disclosed defendant not capable of intelligently deciding to represent himself).

The record does not establish a valid waiver of the right to counsel and consequently R.Z.'s choice to proceed pro se was not "knowing and intelligent."

---

1. R.Z. also claims he was denied the right to jury trial guaranteed by Art. I, § 13, N.D. Const. We have said that Art. I, § 13 preserves the right to jury trial in all cases in which there was a right to jury trial at the time our constitution was adopted. *City of Bismarck v. Altevogt*, 353 N.W.2d 760 (N.D.1984). It is conceded there was no right to jury trial in mental health proceedings in 1889. Thus, we hold that R.Z. has no constitutional right to jury trial under Art. I, § 13 in this proceeding.

Accordingly, the order is reversed and the case remanded for a new hearing with counsel.[2]

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

The majority opinion observes the issue considered therein is inherent in the evidentiary issues raised by R.Z. I concur in the conclusion that a respondent in a mental-health proceeding may waive counsel and assert the right to self-representation only if the waiver is knowing and intelligent and voluntary and only if it appears on the record, and that absent such conditions a respondent in an involuntary-commitment proceeding may not represent himself; but I believe clear and convincing evidence was adduced to support the involuntary-hospitalization order.

Therefore, in view of what we were told by R.Z. at oral argument, I am not convinced that a new hearing is essential. R.Z. informed us that what he requests is a transfer from the State Hospital to the Veterans' Administration facility at St. Cloud, Minnesota. That facility apparently is a facility contemplated by Section 25–03.-1–34, N.D.C.C., permitting transfer of patients. If, indeed, R.Z. is eligible for transfer; if the Veterans' Administration is willing to accept him; if the superintendent of the State Hospital agrees it is in R.Z.'s interest to do so; and if, after consultation with counsel, R.Z. agrees that this is an acceptable alternative to a new hearing, I would not require, as does the majority opinion, that a new hearing be held.

---

**2.** We do not intend to limit a trial court's discretion under NDREv 611(a) to control "the mode and order of interrogating witnesses and presenting evidence." Thus, if a respondent is found unable to validly waive the assistance of counsel, but wishes to participate in the proceedings in addition to counsel's participation, the trial court is free to allow such procedure. *See, e.g., City of Fargo v. McMorrow,* 367 N.W.2d 167 (N.D.1985) (defendant allowed to participate in his defense along with counsel).