# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 131

Eric Smith,                                                                 Petitioner

v.

Charles R. Isakson, Municipal Judge,
Bismarck and City of Bismarck,                                    Respondents

### No. 20210004

Eric Smith,                                                                 Petitioner

v.

James S. Hill, Judge of the District
Court, South Central Judicial District;
and City of Bismarck,                                                 Respondents

### No. 20210057

Petition for Writ of Supervision.

PETITION FOR SUPERVISORY WRIT GRANTED.

Opinion of the Court by VandeWalle, Justice.

Eric N. Smith, self-represented, Superior, Wisconsin, petitioner.

Julie Mees (argued), Assistant City Attorney, and Jannelle R.S. Combs (appeared), City Attorney, Bismarck, North Dakota, for respondent City of Bismarck.

**VandeWalle, Justice.**

[¶1]   Eric Smith filed a petition for a writ of supervision after he was found guilty of violating a Bismarck ordinance restricting the use of public grounds without a permit. Smith argues he had a constitutional right to a jury trial for the offense. We grant the writ of supervision and remand the case back to the district court for a jury trial.

I

[¶2]   On August 2, 2020, Smith was operating a stand selling political merchandise promoting a presidential campaign in south Bismarck. Bismarck police officers responded after an employee of a nearby restaurant and Smith himself called dispatch. Smith claimed the restaurant employee removed his political flags from the area where he set up his stand. Officers discovered Smith's stand was located on a boulevard between the sidewalk and Washington Street. The City of Bismarck ("the City") alleges officers informed Smith of the ordinance prohibiting commercial use of public grounds without a permit, and Smith continued to sell his merchandise.

[¶3]   On September 2, 2020, the City filed a summons and complaint against Smith in municipal court alleging he violated Bismarck City Ordinance § 10-05.1-01, which restricts the commercial use of public property. At his arraignment, Smith requested the action be removed from municipal court to district court for a jury trial. Municipal Judge Severin denied the request, stating Smith had "no right to jury trial." That same day, Smith filed a formal request to remove the case to district court for a jury trial. Smith later filed a motion requesting the removal. The municipal court denied Smith's request, stating Smith had no right to a jury trial for an infraction.

[¶4]   Smith later filed numerous documents with the municipal court, including a copy of a complaint addressed to the Judicial Conduct Commission against Judge Severin. Judge Severin recused himself, and Municipal Judge Isakson was assigned to the case. On December 1, 2020, Smith filed a notice of

appeal of the order denying a jury trial to district court with the municipal court. Smith filed a petition for a writ of supervision with this Court on January 5, 2021.

[¶5]  A bench trial was held in Bismarck municipal court on January 7, 2021. Before the trial began, Judge Isakson denied all of Smith's pre-trial filings. The municipal court found Smith guilty and ordered him to pay a $100 fine. One day later in the municipal court, Smith filed a notice of appeal of the judgment and the order denying a jury trial to district court.

[¶6]  On February 22, 2021, Smith filed a second petition for a writ of supervision with this Court. After he filed the second petition, Smith filed more motions with the district court. The district court issued an order staying the proceedings until this Court acted upon Smith's petitions for supervisory writs.

## II

[¶7]  Article VI, Section 2 of the North Dakota Constitution provides this Court with "original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction." *See also* N.D.C.C. § 27-02-04 ("In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction."). We have previously said:

> Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27-02-04. The authority is discretionary, and it cannot be invoked as a matter of right. We issue supervisory writs only to rectify errors and prevent injustice when no adequate alternative remedies exist. Further, we generally do not exercise supervisory jurisdiction when the proper remedy is an appeal, even though an appeal may be inconvenient or increase costs. This authority is exercised rarely and cautiously and only in extraordinary cases. Finally, determining whether to exercise original jurisdiction is done on a case-by-case basis.

2

*Holbach v. City of Minot*, 2012 ND 117, ¶ 12, 817 N.W.2d 340 (internal citations and quotations omitted).

[¶8] Contrarily, under N.D. Const. art. VI, § 6, our appellate jurisdiction is provided by law. Section 29-28-06, N.D.C.C., allows a criminal defendant to appeal from:

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party.

[¶9] The right to a trial by jury was described as "the most important of constitutional rights" long ago. *Riemers v. Eslinger*, 2010 ND 76, ¶ 3, 781 N.W.2d 632 (quoting *Barry v. Truax*, 13 N.D. 131, 137, 99 N.W. 769, 770 (1904)). Smith argues he is entitled to a jury trial in this case. Although Smith could have directly appealed this issue under N.D.C.C. § 29-28-06 after the district court addressed it, we deem it advisable to exercise our discretion, in the best interests of justice and judicial economy, to resolve it now since it concerns a vital constitutional right. *See Smithberg v. Jacobson*, 2020 ND 46, ¶ 7, 939 N.W.2d 405 (exercising this Court's supervisory jurisdiction to determine whether a party had a right to a jury trial in a civil action).

### III

[¶10] Smith argues he had a right to a jury trial under the United States Constitution. The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed . . . ." In *Duncan v. Louisiana*, the United States Supreme Court incorporated the Sixth Amendment's right to a jury trial in all "serious criminal cases" to the states through the Fourteenth Amendment. 391 U.S. 145, 149, 154 (1968). Under *Duncan*, the right does not extend to "[c]rimes carrying possible penalties up

to six months . . . if they otherwise qualify as petty offenses." *Id.* at 159 (holding a crime punishable by two years in prison was a serious crime and not a petty offense). In *Lewis v. United States*, the United States Supreme Court clarified when an offense is presumed a petty offense. 518 U.S. 322, 325-26 (1996). The Court stated, "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* at 326.

[¶11] Here, Smith was charged with violating a Bismarck ordinance restricting the use of public property. The offense, characterized as an infraction, carries a maximum potential fine of one thousand dollars. *See* N.D.C.C. § 12.1-32-01(7). Since the offense carries no possibility of a prison term and has no other statutory penalty, it is a petty offense and the defendant has no right to a jury trial under the Sixth Amendment.

IV

[¶12] Smith argues he had a right to a jury trial under the North Dakota Constitution. "[W]e may provide the citizens of our state, as a matter of state constitutional law, greater protection than the safeguards guaranteed in the Federal Constitution." *City of Bismarck v. Altevogt*, 353 N.W.2d 760, 766 (N.D. 1984). Article I, Section 13 of the North Dakota Constitution states, "The right of trial by jury shall be secured to all, and remain inviolate." We have previously explained this constitutional provision is not absolute, stating:

> This provision neither enlarges nor restricts the right to a jury trial, but merely preserves the right as it existed at the time of the adoption of our constitution. This provision preserves the right to a jury trial in all cases in which it could have been demanded as a matter of right at common law at the time of the adoption of our constitution. The right to a trial by jury as it existed under law at the time of adoption of the constitution is governed . . . by the Compiled Laws of Dakota Territory (1887).

*State v. $17,515.00 in Cash Money*, 2003 ND 168, ¶ 6, 670 N.W.2d 826 (internal citations omitted); *Smith v. Kunert*, 17 N.D. 120, 115 N.W. 76, 77 (1907) ("[T]he framers of the Constitution intended by the adoption of said provision to preserve and perpetuate the right of trial by jury as it existed by law at and prior to the adoption of the Constitution."); *Barry v. Truax*, 13 N.D. 131, 99 N.W. 769, 771 (1904) ("The fact that the Constitution secures 'the right of trial by jury' by simply declaring it . . . is significant . . . of an intent to merely perpetuate the right as it then existed and was known to the people who gave to the Constitution their approbation."); *Interest of R.Z.*, 415 N.W.2d 486, 488 n.1 (N.D. 1987) ("We have said that Art. I, § 13 preserves the right to [a] jury trial in all cases in which there was a right to [a] jury trial at the time our constitution was adopted."); *Altevogt*, 353 N.W.2d at 764 ("[Article I, Section 13] preserves the right of trial by jury as it existed at the time of the adoption of our state constitution.").

[¶13] In *State v. Brown* this Court examined whether a defendant had the right to a jury trial for a violation of a county animal control ordinance. 2009 ND 150, ¶ 1, 771 N.W.2d 267. A violation of the county animal control ordinance was considered an infraction. *Id.* at ¶ 5. We indicated that at the time the constitution was adopted in 1889, the 1887 Compiled Laws of Dakota Territory ("Compiled Laws") recognized only two categories of criminal offenses—felonies and misdemeanors. *Id.* at ¶ 47. We stated:

> A felony was a crime which carried a potential penalty of death or imprisonment in the territorial prison. Every other crime was categorized as a misdemeanor, and, unless otherwise specified, carried maximum potential penalties of imprisonment in a county jail for up to one year, a fine of up to $500, or both.

*Id.* (internal citations omitted).

[¶14] In *Brown*, we explained the 1975 Legislative Assembly created the infraction as a new category of a lesser criminal offense, approximately eighty-six years after the state constitution was adopted. 2009 ND 150, ¶ 50. An infraction carries a possible maximum penalty of a one thousand dollar fine, and does not include a statutory right to a jury trial or counsel provided at the

public's expense. N.D.C.C. §§ 12.1-32-01(7) and 12.1-32-03.1(1). However, if a person commits the same infraction-level offense three times within a year, he or she may be charged with a class B misdemeanor for the third offense. *Id.*; 2019 N.D. Sess. Laws ch. 186, § 1 (amending the statute to require two previous infractions to charge the third as a class B misdemeanor); *see also* N.D.C.C. § 12.1-32-01(6) (noting a class B misdemeanor carries the possibility of incarceration for thirty days). We concluded the defendant had no right to a jury trial for an infraction-level offense because "the legislature created a new statutory category and procedure which did not exist at the time the constitution was adopted in 1889." *Brown*, at ¶ 52. We held, "[A] person charged with violating an infraction-level offense, including a county ordinance creating an infraction-level offense, which carries no possibility of imprisonment, is not entitled to a jury trial under N.D. Const. art. I, § 13." *Id. See also Rep. of the N.D. Legis. Council*, 44th N.D. Legis. Sess., at 122 (1975) (explaining the legislative assembly's intention to provide no statutory right to a jury trial for infraction-level offenses, unless punishable by imprisonment on a subsequent offense).

[¶15] In *Riemers v. Eslinger*, we addressed whether the right to a jury trial extends to a non-criminal traffic violation punishable by a twenty-dollar fine. 2010 ND 76, ¶ 1. Riemers was cited for following too closely in violation of the Grand Forks City Code. *Id.* at ¶ 2. We examined the Compiled Laws to determine whether the North Dakota Constitution preserved Riemers' right to a jury trial for the non-criminal traffic violation when the constitution was adopted. *Id.* at ¶ 11. We noted the Compiled Laws allowed cities to "comprehensively regulate traffic." *Id.* at ¶ 14. Additionally, defendants had the right to a jury trial "where the ordinance authorized imprisonment for ten or more days or a fine of twenty or more dollars." *Id.* at ¶ 11. We held Riemers had the right to a jury trial for a non-criminal traffic violation because a jury trial was guaranteed for the offense when the constitution was adopted in 1889 since it carried a potential penalty of a twenty-dollar fine. *Id.* at ¶ 12.

[¶16] Conversely, the City of Grand Forks argued *Brown* applied to the non-criminal traffic violation, excluding the right to a jury trial. *Riemers*, 2010 ND 76, ¶ 13. The City of Grand Forks argued that because the legislative assembly comprehensively regulated traffic after the adoption of the state constitution—similar to the creation of infraction-level offenses—the right to a jury trial for the traffic violation was not preserved. *Id.* However, we distinguished *Brown* from *Riemers* by recognizing the Compiled Laws "permitted cities to comprehensively regulate traffic, establish fines for violations of traffic ordinances, and imprison persons for failing to pay the fines" at the time the state constitution was adopted. *Id.* at ¶ 14. We held the inclusion of this language in the Compiled Laws required and preserved the right to a jury trial for these traffic violations punishable by a fine of twenty or more dollars. *Id.*

[¶17] Further, in addition to regulating traffic, at the time the state constitution was adopted, the Compiled Laws allowed a city council to "regulate . . . sales upon the streets, sidewalks and public places." Compiled Laws of the Territory of Dakota § 885(20) (1887). City councils could also "license, tax, regulate, suppress and prohibit hawkers, peddlers, pawnbrokers, keepers of ordinaries, theatricals and other exhibitions, shows and amusements, ticket scalpers and employment agencies, and to revoke such license at pleasure." *Id.* at § 885(30). The Compiled Laws allowed cities to establish fines and penalties for violations of municipal ordinances, including ordinances made under these two sections. C.L. § 885(79) (1887) (explaining for one offense no fine or penalty could exceed one hundred dollars, and imprisonment could not exceed three months).

[¶18] The city justice of the peace had "exclusive jurisdiction" to hear cases alleging violations of the city ordinances. *Id.* at § 925; *see also Riemers*, 2010 ND 76, ¶ 11 (explaining the territorial legislature, without changing the actual right to a jury trial, amended city justice to "police justice" prior to the adoption of the state constitution (citing 1889 Dakota Territory Sess. Laws, ch. 33, § 5)). The Compiled Laws guaranteed a jury trial before the city justice in these cases when "under the provisions of the ordinances of the city imprisonment for a longer period than ten days is made a part of the penalty, or *the maximum fine shall be twenty dollars or over* . . . ." C.L. § 937 (1887) (emphasis added).

7

However, the defendant had to demand his or her right to a jury trial. *Id*. On appeal to the district court, the district court could hear the case "anew" and a new jury could try the issues of fact. *Riemers*, 2010 ND 76, ¶ 10 (citing C.L. §§ 933, 6131, 7320, 7372 (1887)). Therefore, at the time the North Dakota Constitution was adopted, it preserved the right to a jury trial for municipal ordinance violations made under the authority of the Compiled Laws that carried the possibility of imprisonment for ten or more days or a fine of twenty or more dollars. *Id*.

[¶19] In this case, the City filed a summons and complaint in Bismarck municipal court alleging Smith violated Bismarck City Ordinance § 10-05.1-01. The ordinance states, "Except as authorized by this Chapter, no person, firm, or entity shall sell, offer, or expose for sale any food, goods, wares, or merchandise, upon any public street, alley, sidewalk, public right-of-way or other public grounds owned or controlled by the City." Bismarck City Ordinance § 10-05.1-01. A person can sell merchandise in these areas with a permit issued by the city traffic engineer. Bismarck City Ordinance § 10-05.1-02. Selling merchandise in these areas without a permit is an infraction, and infractions carry the possibility of a one thousand dollar fine. Bismarck City Ordinance § 10-05.1-04; N.D.C.C. § 12.1-32-01(7).

[¶20] Although our previous decisions in *Brown* and *Riemers* did not recognize a right to a jury trial for an infraction, this case presents a unique circumstance where the state constitution preserved the right to a jury trial for the crime in 1889. At the time the state constitution was adopted, the Compiled Laws permitted cities to comprehensively regulate sales upon the streets and public places and license, tax, and regulate certain businesses. Potential penalties included fines up to one hundred dollars and the possibility of incarceration for three months. Due to the potential penalties, a jury trial was guaranteed for a violation of these ordinances in 1889. Similarly, today the City has regulated sales in public areas with Bismarck City Ordinance § 10-05.1-01. A violation of this ordinance carries the potential for a one thousand dollar fine.

[¶21] In *Brown*, we concluded infractions did not carry the right to a jury trial because an infraction-level offense was "a new statutory category and procedure which did not exist at the time the constitution was adopted in 1889." *Brown*, 2009 ND 150, ¶ 52. However, like the ordinance at issue here, some actions labeled as infractions today were still outlawed in 1889, even though at the time they were categorized as felonies and misdemeanors. Rather than looking to the named categorization of the crime, we must look to the underlying historical nature of the act and the severity of a possible penalty to determine whether the right to a jury trial was preserved for the crime when the state constitution was adopted. Therefore, where the North Dakota Constitution and the Compiled Laws preserved a right to a jury trial for a crime in 1889, the constitution still provides a defendant the right to a jury trial for the crime today. *See Riemers*, 2010 ND 76, ¶ 12 ("[T]erritorial law provided the right to a jury trial for alleged violations of municipal ordinances where the ordinance authorized a punishment of imprisonment for ten or more days or a fine of twenty or more dollars.").

[¶22] Although a violation of the ordinance would not have been categorized as an infraction in 1889, Smith would have had the right to a jury trial for allegedly violating it when the state constitution was adopted. We recognize Smith still has a right to a jury trial for an alleged violation of the ordinance under Article I, Section 13 of the North Dakota Constitution today.

V

[¶23] Under N.D.C.C. § 40-18-15.1, a jury trial can be held only in district court even when a defendant is entitled to a trial by jury in a municipal court matter. The statute states, "A matter may be transferred to district court for trial if within twenty-eight days after arraignment the defendant has requested in writing to transfer the case to district court and to exercise the defendant's right to a jury trial." N.D.C.C. § 40-18-15.1. Because Smith made an appropriate and timely written request to transfer the case and exercise his right to a jury trial, the matter must be transferred to district court for the trial.

## VI

[¶24] The North Dakota Constitution guarantees Smith the right to a jury trial for a violation of the Bismarck ordinance. We grant the writ of supervision and remand the case back to the district court for a trial by jury.

[¶25]  Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte